IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEXANDER PAEZ, | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 3:23-cv-2243-E |
| | § | |
| CHILDREN'S HEALTH SYSTEM OF TEXAS, | § § § § | |
| **Defendant.** | § | |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Children's Health System of Texas ("Defendant") files its Answer and Defenses to Plaintiff's Original Complaint ("Complaint") in the above-styled and numbered cause, and shows the Court as follows:

## ANSWER

### NATURE OF SUIT

1. Defendant admits Plaintiff is bringing certain claims against Defendant. Defendant denies it is liable to Plaintiff.

2. Defendant admits the allegations contained in the first and second sentences of Paragraph 2 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

### JURISDICTION

3. Defendant does not dispute that jurisdiction is proper in this Court.

### VENUE

4. Defendant does not dispute that venue is proper in this Court.

## CONDITIONS PRECEDENT

5. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 5 of the Complaint and, therefore, denies the same.

6. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the same.

## PARTIES

7. Defendant is without sufficient knowledge to admit or deny the allegations contained in the first sentence of Paragraph 7 of the Complaint and, therefore, denies the same. The second sentence of Paragraph 7 of the Complaint contains a legal conclusion and does not require an answer. To the extent, if any, that Paragraph 7 contains substantive allegations of fact, Defendant denies the same.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

## FACTS

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 11 of the Complaint and, therefore, denies the same.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 18 of the Complaint and, therefore, denies the same.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 23 of the Complaint and, therefore, denies the same.

24. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 24 of the Complaint and, therefore, denies the same.

25. Defendant admits Plaintiff requested a leave of absence from October 4, 2021 through November 22, 2021. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 25 of the Complaint and, therefore, denies the same.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits that Plaintiff requested additional leave until July 5, 2022 and that the request was declined. Defendant denies the remaining allegations contained in the first sentence of Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint contains a legal conclusion and does not require an answer.

36. Defendant admits the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 38 of the Complaint and, therefore, denies the same.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant is without sufficient knowledge to admit or deny the allegations contained in the first sentence of Paragraph 43 of the Complaint and, therefore, denies the same. Defendant denies the allegations contained in the second sentence of Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant admits Plaintiff received a lower percentage of increase in merit pay in March 2022 compared to that received by him in March 2021 and admits the respective overall score on Plaintiff's 2021 and 2020 performance appraisals are stated correctly, but denies the remainder of the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant is without sufficient knowledge to admit or deny the allegations contained in the first sentence of Paragraph 49 of the Complaint and, therefore, denies the same.

The second sentence of Paragraph 49 of the Complaint contains a legal conclusion and does not require an answer.

50. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 50 of the Complaint and, therefore, denies the same.

51. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 51 of the Complaint and, therefore, denies the same.

52. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 52 of the Complaint and, therefore, denies the same.

53. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 53 of the Complaint and, therefore, denies the same.

54. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 54 of the Complaint and, therefore, denies the same.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. The first sentence of Paragraph 57 of the Complaint contains a legal conclusion and does not require an answer. Defendant denies the remaining allegations contained in the Paragraph 57 of the Complaint.

58. The first sentence of Paragraph 58 of the Complaint contains a legal conclusion and does not require an answer. Defendant admits Plaintiff requested an accommodation in June 2022.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains a legal conclusion and does not require an answer. To the extent Paragraph 64 is considered to include factual allegations, Defendant denies the allegations and denies it is liable to Plaintiff.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

## CAUSES OF ACTION
## Count One – Interference in Violation of the Family and Medical Leave Act
## 29 U.S.C. § 2615(a)(1)

51.[1] Defendant incorporates by reference its responses to the allegations contained in the paragraphs above, as if fully set forth herein.

52. Defendant admits the allegations contained in Paragraph 52 [sic] of the Complaint.

53. Defendant admits Plaintiff had been employed by Defendant for over two years prior to requesting FMLA leave and had been employed by Defendant for over 1,250 hours in the twelve-month period prior to his request.

54. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 54 [sic] of the Complaint and, therefore, denies the same.

55. Defendant admits Plaintiff notified it that he would take leave starting October 4, 2021.

56. Defendant admits Plaintiff notified it that he needed additional leave starting May 2, 2022.

57. Defendant denies the allegations contained in Paragraph 57 [sic] of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 [sic] of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 [sic] of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 [sic] of the Complaint.

---

[1] Complaint Paragraphs "51-87" are misnumbered (see preceding section ending in Paragraph 65). Nonetheless, Defendant employs the original numbering in the Complaint for ease of review.

61. Defendant denies the allegations contained in Paragraph 61 [sic] of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 [sic] of the Complaint.

### Count Two – Retaliation in Violation of the Family and Medical Leave Act
### 29 U.S.C. § 2615(a)(2)

63. Defendant incorporates by reference its responses to the allegations contained in the paragraphs above, as if fully set forth herein.

64. Defendant admits the allegations contained in Paragraph 64 [sic] of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 [sic] of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 [sic] of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 [sic] of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 [sic] of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 [sic] of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 [sic] of the Complaint.

71. Defendant denies the allegations contained in Paragraph 71 [sic] of the Complaint.

72. Defendant denies the allegations contained in Paragraph 72 [sic] of the Complaint.

### Count Three – Failure to Provide a Reasonable Accommodation in Violation of the Americans with Disabilities Act
### 42 U.S.C. § 12181

73. Defendant incorporates by reference its responses to the allegations contained in the paragraphs above, as if fully set forth herein.

74. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 74 [sic] of the Complaint and, therefore, denies the same.

75. Defendant denies the allegations contained in Paragraph 75 [sic] of the Complaint.

76. Defendant denies the allegations contained in Paragraph 76 [sic] of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 [sic] of the Complaint.

78. Defendant denies the allegations contained in Paragraph 78 [sic] of the Complaint.

### Count Four – Retaliation in Violation of the Americans with Disabilities Act
### 42 U.S.C. § 12181

79. Defendant incorporates by reference its responses to the allegations contained in the paragraphs above, as if fully set forth herein.

80. Defendant denies the allegations contained in Paragraph 80 [sic] of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 [sic] of the Complaint.

82. Defendant denies the allegations contained in Paragraph 82 [sic] of the Complaint.

83. Defendant denies the allegations in Paragraph 83 [sic] of the Complaint.

84. Defendant denies the allegations in Paragraph 84 [sic] of the Complaint.

85. Defendant denies the allegations contained in Paragraph 85 [sic] of the Complaint.

### JURY DEMAND

86. Defendant admits that Plaintiff has demanded a trial by jury.

### PRAYER FOR RELIEF

Defendant is not required to admit or deny the allegations in Plaintiff's prayer. However, Defendant denies Plaintiff is entitled to any relief.

Except to the extent expressly admitted herein, Defendant denies all other allegations asserted by Plaintiff.

### **AFFIRMATIVE & OTHER DEFENSES**

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant asserts the following defenses as follows:

1. At all times during Plaintiff's employment, Plaintiff was employed at-will and could be discharged with or without notice and with or without cause.

2. All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-retaliatory and non-discriminatory reasons.

3. Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same action in the absence of any alleged impermissible motivating factor(s).

4. Plaintiff's damages, if any, are barred in whole or in part by the doctrines of estoppel, unclean hands, and/or after-acquired evidence.

5. Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope or are inconsistent with any charge(s) of discrimination Plaintiff filed with the EEOC or TWC.

6. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

7. Defendant did not violate the Family and Medical Leave Act ("FMLA") because Plaintiff failed to comply with his obligations under the FMLA.

8. Plaintiff has no standing to initiate this action and no right to relief under the FMLA because he did not suffer from a serious health condition as defined by the FMLA and was not otherwise entitled to leave under the FMLA.

9. Defendant provided Plaintiff with all leave requested and all leave permitted under the FMLA.

10. Plaintiff is not a qualified individual with a disability under the Americans with Disabilities Act ("ADA").

11. Defendant granted all accommodations requested by Plaintiff.

12. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to properly engage in the interactive process.

13. Defendant engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in

violation of state or federal law and, therefore, Plaintiff fails to state a claim for punitive or exemplary damages.

14. If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff (which Defendant denies), they were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

15. Plaintiff's claims fail because Defendant exercised reasonable care to prevent and remediate promptly any unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

16. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages and is therefore barred, in whole or in part, from the recovery of damages.

17. Defendant is entitled to an offset for any earnings since Plaintiff's employment ended, including payments received from insurance carriers, workers' compensation benefits, or unemployment compensation benefits.

18. Plaintiff's claims for compensatory and punitive and exemplary damages are capped or limited by applicable federal or state law.

19. Plaintiff's claims for exemplary damages are barred because the alleged acts or omissions of Defendant, even if proven, do not rise to a level required to sustain an award of exemplary damages and do not evidence malicious, reckless or fraudulent intent to deny Plaintiff's protected rights, and are not so wanton and willful as to support an award of exemplary damages.

20. Plaintiff's claims for exemplary damages are barred to the extent that the imposition of exemplary damages would constitute a denial of due process under the United States Constitution.

21. Defendant specifically reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses becomes known during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff take nothing by way of his pleadings, that this Court dismiss Plaintiff's Original Complaint with prejudice, and that Defendant be awarded its costs, attorneys' fees, and any other relief to which Defendant may be entitled.

Respectfully submitted,

*/s/ Jamie Ashton*
Jamie Ashton
Texas Bar No. 24087211
jamie.ashton@ogletree.com
Molly Ann Lawrence
Texas Bar No. 24083365
mollyann.lawrence@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Ste. 500
Dallas, Texas  75225
Tel: (214) 987-3800
Facsimile:  214-987-3927

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      This is to certify that on December 11, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the electronic system of filing, which will transmit a Notice of Electronic Filing to the parties' counsel of record.

                                        */s/ Jamie Ashton*
                                        JAMIE ASHTON