IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEXANDER PAEZ,<br><br>Plaintiff,<br><br>v.<br><br>CHILDREN'S HEALTH SYSTEM OF TEXAS,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:23-cv-2243-E<br><br>JURY TRIAL DEMANDED |

# JOINT STATUS REPORT

Plaintiff Alexander Paez ("Plaintiff") and Defendant Children's Health System of Texas ("Defendant") (collectively, the "Parties") file this Joint Status Report pursuant to the Court's December 12, 2023 Status Report Order (Dkt. 8).

**1. State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.**

Counsel for the Parties met via Teams video on December 20, 2023. Travis Gasper attended for Plaintiff. Jamie Ashton attended for Defendant.

**2. List the cases related to this one that are pending in any state or federal court—including the case number and court—and state how the cases are related.**

None.

**3. Briefly describe what this case is about—including a statement of the claims and defenses.**

Plaintiff Alexander Paez ("Paez") brings this case against Defendant Children's Health System of Texas ("Children's Health") for alleged violations of the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA").

**<u>Plaintiff's Claims</u>**
Mr. Paez alleges that Children's Health interfered with, restrained, or denied his rights in violation of the FMLA, and that Children's Health retaliated against him in violation of the

FMLA by its disparate treatment of him, both while he was on FMLA leave and when he returned to work from FMLA leave. Children's Health made Mr. Paez's working conditions so intolerable that a reasonable employee would feel compelled to resigned.

Mr. Paez also alleges that Children's Health violated his rights under the ADA by failing to provide a reasonable accommodation, and that Children's Health retaliated against him in violation of the ADA after he complained of disability discrimination.

Ultimately, Mr. Paez was constructively discharged on October 27, 2022.

**Defendant's Defenses**

Defendant denies Plaintiff's factual allegations, denies that it violated any statutory or other legal obligations, and further denies that Plaintiff is entitled to any monetary relief in this matter. Defendant incorporates the defenses raised in its Answer and Defenses to Plaintiff's Original Complaint on file in this matter [Dkt. 6]. In particular, Defendant asserts that it provided Plaintiff with all requested accommodations in the form of leave and job restrictions. Defendant did not interfere with, restrain, or deny Plaintiff's protected leave rights. Further, Plaintiff resigned his employment and was not subjected to any adverse employment action to support his constructive discharge claim.

**4. Identify a proposed time limit to file motions for leave to join other parties.**

The Parties propose the following deadline to file motions for leave to join other parties: February 20, 2024.

**5. Identify a proposed time limit to amend the pleadings.**

The Parties propose the following deadline to amend the pleadings: February 20, 2024.

**6. Identify proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers the deadline to occur 120 days before trial).**

The Parties propose the following deadline to file dispositive motions: October 25, 2024.

**7. Specify the allegation of federal jurisdiction.**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the FMLA and ADA.

**8. Identify the parties who disagree and the reasons.**

None.

**9. Identify any issues as to service of process, personal jurisdiction, or venue.**

None.

**10. List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.**

There are no anticipated additional parties and no class or collective-action certification issues.

**11. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

The Parties will make the initial disclosures required by Rule 26(a) by January 19, 2024.

**12. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

The Parties agree to submit attorneys' fees issues to the Court for resolution on affidavits or declarations, after liability and damages are resolved.

**13. Describe the proposed discovery plan, including:**

**A. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

The Parties anticipate that the subjects on which discovery may be needed include: Plaintiff's factual allegations, including his alleged disability and request(s) for accommodation and leave, Plaintiff's alleged damages, including his efforts to mitigate his alleged damages, Defendant's defenses, and the Parties' designated experts, if any.

The Parties intend to serve written discovery requests, including Interrogatories, Requests for Production, and/or Requests for Admission. The Parties reasonably expect depositions of Plaintiff, Plaintiff's treating/diagnosing physicians, and any designated experts.

The Parties propose that all fact discovery be completed by August 26, 2024.

The Parties propose the following deadlines to designate expert witnesses, make the expert disclosures required by Rule 26(a)(2), and file expert reports:

Plaintiff: June 14, 2024
Defendant: July 15, 2024

The Parties do not anticipate that discovery in this matter requires that discovery should be conducted in phases or limited to or focused upon any particular issues.

**B. Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.**

The Parties agree that discovery should be conducted in accordance with the Federal Rules of Civil Procedure and any Scheduling Order entered in this case. The Parties do not seek any changes to the discovery limitations set forth in the Federal Rules of Civil procedure.

The Parties currently have no disputes regarding disclosure or discovery of ESI. The Parties agree to produce copies of ESI material requested in PDF form. Any disputes regarding disclosure of documents will be attempted to be resolved informally before involving the Court.

The Parties do not anticipate issues with respect to the production of privileged documents or trial preparation materials. The Parties will comply with Rule 26(b)(5)(B) in the event either party inadvertently produces information subject to a claim of privilege or protection as trial-preparation material.

The Parties anticipate that a protective order may be necessary in this case to protect confidential information, as contemplated under Rule 26(c) of the Federal Rules of Civil Procedure. The Parties will work together to draft the agreed protective order, which may contain clawback provisions that address the protection of privileged and otherwise protected documents. Plaintiff understands that Defendant will not produce any documents it deems confidential until after a suitable Protective Order has been entered in this matter.

**C. When and to whom the plaintiff anticipates it may send interrogatories and requests for production.**

Plaintiff anticipates sending interrogatories and requests for production to Defendant within the discovery period.

**D. When and to whom the defendant anticipates it may send interrogatories and requests for production.**

Defendant anticipates sending interrogatories and requests for production to Plaintiff within the discovery period. Defendant further anticipates soliciting Plaintiff's employment records, medical records, income verification, and other pertinent documents via third-party subpoena.

**E. Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**

Plaintiff anticipates taking oral depositions of Defendant's corporate representative(s) and other fact witnesses after receiving Defendant's responses to Plaintiff's written discovery requests. Plaintiff prefers to take depositions of local witnesses in person, but will consider

taking a remote deposition, such as by Zoom, if necessary. Plaintiff will confer in advance with Defendant in an attempt to work out any scheduling or logistical issues.

**F. Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**

Defendant anticipates at least taking the oral deposition of Plaintiff and his treating/diagnosing physician(s). Defendant prefers in-person depositions but will consider utilizing remote means, if necessary.

**G. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

None at this time.

**H. Any experts needed on issues other than attorneys' fees.**

Plaintiff anticipates designating medical experts for the health conditions/disability at issue.

Defendant may designate a medical expert to opine on Plaintiff's alleged health condition(s) or impairment(s) at issue in this case. Defendant will evaluate the need to designate a vocational expert after initial discovery.

**I. If medical experts are needed, whether they are only treating physicians or also designated on other issues.**

Plaintiff's anticipated medical experts are expected to be only treating physicians.

At this time, Defendant reasonably anticipates that it may designate a medical expert to opine on Plaintiff's alleged health condition(s) or impairment(s) at issue in this case.

**J. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.**

Plaintiff will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) by June 14, 2024.

Defendant expects to be able to designate responsive experts and provide their reports by July 15, 2024.

**K. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be**

**done by remote means, such as by zoom. See Fed. R. Civ. P. 26(a)(2)(B) (enumerating rules on disclosure of expert testimony and the corresponding written report(s)).**

Plaintiff anticipates taking expert depositions within 30 days of receipt of Defendant's expert witness report(s). Plaintiff prefers in-person depositions but will consider utilizing remote means, if necessary.

**L. List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Fed. R. Civ. P. 26(a)(2)(B) (expert report).**

Defendant anticipates taking expert depositions within 30 days of receipt of Plaintiff's expert witness report(s). Defendant prefers in-person depositions but will consider utilizing remote means, if necessary.

**M. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

Not applicable.

**N. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

None at this time.

**O. Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.**

The Parties are not currently aware of any disputes regarding ESI. The Parties intend to request information through traditional means of discovery, which may include requests for the production of ESI. The Parties agree that requested ESI material will initially be produced in PDF form. The Parties will then evaluate whether any of the items so produced should also be produced or examined in other formats.

**P. The depositions that need to be taken, and in what sequence.**

Plaintiff anticipates taking oral depositions of Defendant's corporate representative(s), other fact witnesses, and any medical experts designated by Defendant.

Defendant expects to at least take the deposition of Plaintiff and any medical expert designated by Plaintiff. Defendant expects to take Plaintiff's deposition before other depositions.

The Parties will work cooperatively in an effort to schedule depositions at a mutually-agreeable time and location.

**Q. Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order.**

The Parties anticipate that a protective order may be necessary in this case to protect confidential information, as contemplated under Rule 26(c) of the Federal Rules of Civil Procedure. The Parties will work together to draft the agreed protective order, which may contain clawback provisions that address the protection of privileged and otherwise protected documents.

At this time the Parties do not anticipate issues with respect to the production of privileged documents or trial preparation materials. The Parties will comply with Rule 26(b)(5)(B) in the event either party inadvertently produces information subject to a claim of privilege or protection as trial-preparation material.

**14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The Parties are in agreement with the discovery plan.

**15. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None at this time.

**16. State the date the planned discovery can reasonably be completed.**

The Parties propose that all fact discovery be completed by August 26, 2024.

**17. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

The Parties recognize the benefits of early resolution where possible and have agreed to discuss settlement prospects following exchange of initial written discovery.

**18. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case. Include (i) whether the parties are considering mediation or arbitration to resolve this litigation; (ii) a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.); and (iii) if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

The Parties believe mediation is reasonably suitable to resolving this litigation. It is likely to be most effective after completion of initial written discovery and depositions of Plaintiff and Defendant's corporate representative.

The Parties jointly recommend Courtenay Bass with Gilbert Mediation Group to mediate the case.

**19. State whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge;**

The Parties do not consent to a trial before a U.S. Magistrate Judge.

**20. State whether a jury demand has been made and if it was made on time.**

Plaintiff has made a timely jury demand.

**21. State a proposed trial date, estimated number of days required for trial and whether jury has been demanded—specify the number of hours it will likely take to present the evidence.**

The Parties propose a trial date of February 10, 2025. The Parties estimate three-to-five days will be required for trial. A jury has been demanded. The Parties are unable to accurately estimate the number of hours it will likely take to present the evidence, but guess approximately 10-20 hours.

**22. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

There are no objections at this time. The Parties will make the initial disclosures required by Rule 26(a) by January 19, 2024.

**23. List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

At this time there are no pending motions that may be ruled on at the initial pretrial and scheduling conference.

**24. List other pending motions.**

At this time there are no other pending motions.

**25. List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.**

For Plaintiff: Travis Gasper, Texas Bar No. 24096881, 1408 N. Riverfront Blvd., Ste. 323, Dallas, Texas 75207, 469.663.7736, travis@travisgasper.com.

For Defendant: Jamie Ashton, Texas Bar No. 24087211, jamie.ashton@ogletree.com

Molly Ann Lawrence, Texas Bar No. 24083365, mollyann.lawrence@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 8117 Preston Rd., Ste. 500, Dallas, TX 75225, 214-987-3800

**26. List any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

None at this time.

**27. List whether a conference with the Court is desired.**

Not at this time.

**28. List any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c) or 26(c).**

None at this time.

**29. A statement that counsel read (i) the *Dondi* opinion—*Dondi Properties Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 285 (N.D. Tex. 1988) (per curiam)— and(ii)the District's Civil Justice Expense and Delay Reduction Plan (http://www.txnd.uscourts.gov/sites/default/files/documents/cjedrp.pdf).**

Counsel for Plaintiff and Defendant have read the *Dondi* opinion and the District's Civil Justice Expense and Delay Reduction Plan.

**CRITICAL DEADLINES CHART**

| | |
|---|---|
| Deadline for Joint Report naming mediator | January 22, 2024 |
| Deadline for Completion of Mediation | October 4, 2024 |
| Deadline for Motions for Leave to Join Parties or Amend Pleadings | February 20, 2024 |
| Plaintiff's Expert Designation & Report | June 14, 2024 |
| Defendant's Expert Designation & Report | July 15, 2024 |
| Rebuttal Expert Designation | *30 days after disclosure made by other party* |
| Deadline for Completion of Discovery | August 26, 2024 |
| Deadline for Expert Objections | August 19, 2024 |
| Deadline for Dispositive Motions | October 25, 2024 |
| Deadline for Pretrial Disclosures and Objections | 30 days before trial; objections due 14 days after |
| Deadline for Pretrial Materials (pretrial order etc.) | 14 days before trial |
| Settlement Conference | *Ten days prior to the pretrial conference* |
| Exchange of Exhibits | *5 business days prior to the pretrial conference* |
| Pretrial Conference | *Monday before trial—at 10:00 a.m.* |

| Trial Date | February 10, 2025 |
|---|---|

Respectfully submitted,

**GASPER LAW PLLC**

*/s/ Travis Gasper (with permission)*
Travis Gasper
Texas Bar No. 24096881
1408 N. Riverfront Blvd., Suite 323
Dallas, Texas 75207
Phone: (469) 663-7736
Fax: (833) 957-2957
Email: travis@travisgasper.com

**ATTORNEY FOR PLAINTIFF**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*/s/ Jamie Ashton*
Jamie Ashton
Texas State Bar No. 24087211
jamie.ashton@ogletree.com
Molly Ann Lawrence
Texas State Bar No. 24083365
mollyann.lawrence@ogletree.com
8117 Preston Road, Suite 500
Dallas, TX 75225
214-692-0168 (Telephone)
214-987-3927 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of December, 2023, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jamie Ashton*
Jamie Ashton